24 C.C.P.A.(Patents)

## DOYLE v. JOHN MORRELL & CO.
### Patent Appeal No. 3791.

Court of Customs and Patent Appeals.

March 29, 1937.

Jackson & Webster (Chas. R. Allen and W. G. MacKay, both of Washington, D. C., of counsel), for appellant.

Mason, Fenwick & Lawrence, of Washington, D. C. (Edward T. Fenwick and Edward G. Fenwick, both of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Appellant on October 11, 1932, filed application for registration in the United States Patent Office of the word "Strongheart" as a technical trade-mark for use on dog and cat food, alleging the word to have been continuously used for that purpose since July 18, 1932. After notice of the application had been published in the Official Gazette of the Patent Office, appellee filed notice of opposition to such registration, alleging a belief that it would be damaged for the reason that the mark " 'Strongheart' will cause confusion with the mark owned and controlled by the opposer, which mark 'Red Heart' and the picture of a heart have been used upon dog and cat food and kindred products, since long prior to July 18, 1932."

The Examiner of Interferences sustained the opposition and adjudged appellant not entitled to the registration. Upon appeal the Commissioner affirmed the decision of the Examiner of Interferences, and the instant appeal to this court followed.

In the notice of opposition appellee pleaded various registrations (some being renewals) ranging in date from October 17, 1899, to October 7, 1930. It is unnecessary to describe these registrations in detail. Some are simply heart-shaped symbols, the drawings showing lines to indicate that they are printed in solid red. One has the notation "Heart Brand" stamped upon the symbol. Another is stamped "Morrell's Red Heart." One is for the words "Red Heart" unaccompanied by other features. The goods for use upon which the several registrations were sought and obtained covered a wide variety of animal products and the record establishes appellee's use prior to appellant's filing date, and prior to any date claimed by appellant for use of "Strongheart," of its heart mark in some form as a trademark for dog and cat foods.

As the issue comes to us, the only question to be determined is that of likelihood of confusion in trade by reason of the similarity of the marks. Upon this we think there is small room for doubt. Heart is unquestionably a prominent, we think the

dominant, part of both marks. It is argued on behalf of appellant that "Strongheart" was the name of a dog which, before it was gathered to its fathers several years ago, had attained great fame as a cinema actor, and it is said, although we find no testimony upon this point, that the picture of a dog's head used in connection with appellant's mark is that of this noted animal; it being urged that this somehow affects the question of confusion. It may be said that appellee uses pictures of different breeds of dogs on its cartons. These pictures, however, being no part of the marks, are not of particular importance in this statutory proceeding. We have simply compared the naked marks with each other, and from the comparison it seems to us unquestionable that there is likelihood of confusion in trade from their use upon identical goods.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate in the decision of this case.